NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUNLI WEI, | No. 13-74018 |
| Petitioner, | Agency No. A201-013-020 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Junli Wei, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").   We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omission from Wei's asylum application that he and his wife attempted to avoid family planning officials by getting a divorce, and on inconsistencies between Wei's testimony and documentary evidence as to the divorce. *See Kin v. Holder,* 595 F.3d 1050, 1056-57 (9th Cir. 2010) (adverse credibility determination was supported where petitioners failed to include in application facts that were crucial to establishing that they were persecuted for their political opinion); *see also Shrestha,* 590 F.3d at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). Wei's explanations do not compel a contrary result. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, his asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Wei's CAT claim

because it was based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Wei would be tortured by or with the consent or acquiescence of the government if returned to China. *See id.* at 1156-57.

Finally, Wei has waived his ineffective assistance of counsel claim by failing to argue it in his brief. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues raised in a brief that are not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED**.